PER CURIAM.
This was an interpleader action brought by the Insurance Company to determine the decedent’s legal beneficiary. There were two claimants, Irene Mayes and Joan Cos-grove. The trial court entered summary judgment in favor of Joan Cosgrove. Irene Mayes appeals. We reverse and remand because there are existent genuine issues of material facts, which issues stand in the way of determining at this stage that Joan Cosgrove was entitled to judgment as a matter of law. Florida Rule of Civil Procedure 1.510(c).
The basic or beginning issue is whether or not the insured properly followed the procedures prescribed in the policy so as to designate Irene Mayes as the new beneficiary instead of the former beneficiary, Joan Cos-grove.
There are at least these genuine unresolved issues:
1. Whether the law of New York or Florida should apply;
2. Whether the facts established a waiver under Florida law or establish substantial compliance under New York law; and
*769 3. Whether, by applying the rule of strict compliance, as the trial court did, the proceeds of the policy actually belong to the decedent’s estate rather than appellee.
Reversed and Remanded.
ANSTEAD, HURLEY and WALDEN, JJ., concur.